**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


Devon Stephens,
Petitioner Below, Petitioner

**v.)  No. 24-93** (Marion County No. CC-24-2019-C-89)

Shelby Searls, Superintendent,
Huttonsville Correctional Center and Jail,
Respondent Below, Respondent


## MEMORANDUM DECISION


The petitioner, Devon Stephens, appeals the February 1, 2024, order of the Circuit Court of Marion County denying his second amended petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in finding that the petitioner's guilty plea to one count of first-degree murder was voluntarily made when the petitioner received ineffective assistance of trial counsel because trial counsel failed to review a codefendant's trial transcript prior to advising the petitioner to accept the State's plea offer. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner pled guilty to one count of first-degree murder in exchange for the State's dismissal of the remaining counts of the indictment.[2] The charges against the petitioner arose out of a robbery in which the victim was robbed of drugs and money and fatally shot. Two of the petitioner's codefendants were Timothy Lambert and Oscar Chapman. Mr. Lambert entered a plea agreement with the State in which Mr. Lambert pled guilty to first-degree robbery, conspiracy, and delivery of a controlled substance and received a thirty-year sentence. *See State v. Chapman*, No. 18-0406, 2020 WL 1972584, at *2 (W. Va. Apr. 24, 2020) (memorandum decision). As part of his plea agreement, Mr. Lambert testified for the State in Mr. Chapman's trial in January 2018. *Id.* Mr. Lambert stated that, while Mr. Chapman circled the victim's residence in a vehicle, Mr. Lambert, the petitioner, and a third man entered the victim's apartment and committed the robbery.

---

[1] The petitioner appears by counsel Jason T. Gain, and the respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. The petitioner is currently incarcerated at Huttonsville Correctional Center and Jail. That superintendent has been substituted as the respondent. *See* W. Va. R. App. P. 41(c). Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] In addition to first-degree murder, the indictment charged the petitioner with first-degree robbery with a firearm, nighttime burglary, conspiracy to commit a felony offense, and possession of a firearm by a prohibited person.

*Id.* Regarding the victim's murder, Mr. Lambert testified at Mr. Chapman's trial that he "heard a gunshot and saw '[the petitioner] with his rifle up, and I seen bullets flying and like the percussion coming off the guns, so I knew [the petitioner] was the one that fired first.'" *Id.* In *Chapman*, this Court reversed Mr. Chapman's convictions[3] and remanded Mr. Chapman's case for a new trial, finding that the circuit court erred by denying Mr. Chapman the opportunity to impeach two State witnesses (including Mr. Lambert) with prior inconsistent statements. *Id.* at *9.

The petitioner's plea hearing occurred on January 3, 2019, which was after Mr. Chapman was convicted but before this Court awarded Mr. Chapman a new trial. As part of the petitioner's plea agreement, the State agreed to make a non-binding recommendation that the petitioner receive a life term of incarceration with the possibility of parole after fifteen years. Based upon its colloquy with the petitioner, the circuit court found that the petitioner voluntarily, intelligently, and knowingly entered his guilty plea to first-degree murder and expressed satisfaction with his representation by trial counsel. The petitioner provided the factual basis for his guilty plea by stating that he participated in a plan to burglarize the victim's residence for drugs and money, and he was "the one who had shot [the victim]." The circuit court accepted the petitioner's guilty plea and, consistent with the parties' recommendation, sentenced the petitioner to a life term of incarceration with the possibility of parole after fifteen years.

The petitioner filed his petition for a writ of habeas corpus in 2019, and the circuit court appointed habeas counsel to represent him. On August 22, 2023, the circuit court held an evidentiary hearing based upon the petitioner's second amended habeas petition in which he raised only two grounds for relief: ineffective assistance of trial counsel and involuntary guilty plea.[4] The petitioner initially presented the testimony of his trial counsel. Trial counsel testified that, to the best of his recollection,[5] it was unlikely that he obtained the transcript from Mr. Chapman's trial but that none of the testimony from Mr. Chapman's trial would have changed his advice to the petitioner to accept the State's plea offer. Trial counsel explained that some inconsistency among witness statements, and between witness statements and trial testimony, is to be expected in murder cases. Trial counsel further testified that the plea agreement allowed for the potential that the petitioner could be released from incarceration at a reasonably young age due to the life sentence with the possibility of parole.[6] The petitioner testified at the evidentiary hearing that, if trial counsel had obtained the transcript from Mr. Chapman's trial and reviewed it with the petitioner, the petitioner would not have pled guilty to first-degree murder because of the inconsistencies in the statements of the State's witnesses (including Mr. Lambert). The petitioner stated that he would

---

[3] The jury in Mr. Chapman's trial convicted Mr. Chapman of first-degree murder, first-degree robbery, conspiracy to commit a felony offense, and nighttime burglary. *Id.* at *1.

[4] Pursuant to this Court's decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), the circuit court found that petitioner permanently waived all other grounds of relief because he neither raised the other grounds nor initialed them on his *Losh* checklist, wherein we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

[5] Trial counsel stated that he could not locate his file concerning the petitioner's case.

[6] At the time of his plea hearing, the petitioner was twenty-seven years old.

have insisted on going to trial. However, the petitioner conceded that trial counsel "had a convincing argument" that the plea agreement was in his best interest because "[f]ifteen to life is a lot better than life without." Therefore, the circuit court found that the petitioner did not prove his claims of ineffective assistance of trial counsel and involuntary guilty plea, and thus the court denied the second amended habeas petition. The petitioner now appeals. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 21, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison